The next argument for today is in case number 2251 Pecone v. Block 865 LOT LLC. Good morning. May it please the court. My name is Lou Pecone. I'm here pro se. I came down for the brief five minute allotted time to highlight the importance of this case to the plaintiffs. I believe that the Rooker-Feldman Doctrine is not applicable to the facts of this case because the plaintiffs' damage was caused by the defendant's fraudulent recording of three forged deeds in 2014 that occurred well before the state court decision, which is not being appealed by the federal court district case. Before you touch on that, may I just ask, you said you came down, is that from Canada? Yes. And of what country are you a citizen right now? I'm a citizen of both the United States and Canada. Dual citizenship might not create diversity jurisdiction here. There may be a problem with this being in federal court. How do you deal with that? Do you know what I'm talking about? With regard to diversity jurisdiction, my residence has been in Canada for many years now. I know, but the law says that if you're a United States citizen living abroad, you're deemed to be a citizen of every state, and so to that extent it doesn't confer diversity jurisdiction on the court, or at least there would be a question about that for us. Anything more you want to tell us about? Well, I am a resident of Florida. That is where I have my driver's license. Your primary residence is Canada? Yes. Is that your home in Canada? Would you consider your home a domicile there? I have many homes, Your Honor. I don't mean a house. I don't mean a house in that sense. It's pretty clear if you are a domicile in Canada that you can't invoke diversity jurisdiction. Your Honor, I can't hear you? If you're a U.S. citizen. I'm sorry, I didn't hear the question. If you are a U.S. citizen domiciled in Canada, the law is that you cannot invoke diversity jurisdiction in federal courts. I would argue, Your Honor, that as a Florida resident with a Florida driver's license, if my home state would be Florida, then there would be diversity of jurisdiction. This isn't something that came up previously? There was no jurisdictional discovery or anything like that in this case? No. I interrupted. You wanted to get into the Rooker-Feldman argument? Right. So with regard to that issue, all plaintiff's damages were caused by the defendant's recording of three forged deeds. It was that act that caused the cloud to title, that caused the litigation, that resulted in the state court action. In no way does the district court case, in no way is the district court case being challenged by the, excuse me, in no way is the state court decision being challenged by the district court case. The individual causes of action brought in the district court are basically independent of the state court decision and are independent of property ownership. And in view of that, Rooker-Feldman should not apply for two basic reasons. Number one, the cause of the plaintiff's damage was the recording of the forged deeds. And number two, the state court decision is not being challenged by the district court action. And is there any update on the status of the state court litigation? The state court action is currently being appealed. We are waiting to file a brief for the plaintiff's case. Okay. Thank you. That's all I have. Thank you. Thank you. Thank you. We'll take the case under advisement. And the remaining two cases on the calendar for today are on submission. So that concludes our business for today. I'll ask the court and deputy to adjourn. The court stands adjourned. Thank you.